NO. 07-01-0166-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 24, 2002

_____


JACK HAMONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 182ND DISTRICT COURT OF HARRIS COUNTY;

NO. 865781; HONORABLE JEANNINE BARR, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant Jack Hamons appeals from his murder conviction based on a plea bargain honored by the trial court. By two issues he asserts the trial court erred in accepting his guilty plea even though evidence suggested that appellant was incompetent to stand trial. We dismiss for want of jurisdiction.

BACKGROUND

On January 29, 2001, appellant pled guilty to murder. The trial court found him guilty, honored a plea bargain between the State and appellant, and sentenced him to 30 years incarceration in the Texas Department of Criminal Justice, Institutional Division.

On February 6, 2001, the District Clerk of Harris County filed a handwritten, *pro se* notice of appeal signed by appellant. The notice of appeal had three sections: "Background," "Jurisdiction" and "Arguments And Authorities." In the Background section, appellant recited his guilty plea and sentence in the trial court. In the Jurisdiction section, he generally referenced his right of appeal from an appealable order, his constitutional due process rights and the trial court's duty to forward his notice of appeal to the appellate court. In the Arguments and Authorities section he enumerated three subsections. In the first subsection he set out that he ". . . has Grounds for This Appeal Ranging From Appealable Motions And including ineffective Assistance of Counsel." Subsection 2 asserted that his right to due process was severely abrogated by the fact that three separate counsel were involved on his behalf in the trial court. Subsection 3 asserted that none of his trial counsel was able to adequately defend him and that discovery motions that should have been filed were not. He also timely filed a separate, preprinted general notice of appeal which simply stated that "defendant gives notice of appeal of his conviction."

Before we address appellant's issues, we must address the State's challenge to our jurisdiction. The State urges that the form of appellant's notices do not comply with TEX. R. APP. P. 25.2(b)(3),[1] and that we have jurisdiction only to dismiss the appeal.

Appellant responds with three arguments for his position that our jurisdiction has been invoked by his notices. First, he argues that our jurisdiction has been invoked because the record does not contain an order denying permission to appeal and the trial court knew the issues appellant was concerned about before appellate counsel was appointed. Under such circumstances, he posits, the trial court's appointment of appellate counsel was impliedly a grant of permission to appeal. Second, he argues that his notices substantially comply with the requirements of TRAP 25.2(b)(3) because his notices were timely filed and the information required to be specified in the notice is contained elsewhere in the record. Third, appellant urges that a general notice of appeal invokes our jurisdiction to consider the voluntariness of his plea. He asserts that because his appellate issues bear on his competency, which goes to the issue of the voluntariness of his plea, his general notice suffices to give appellate jurisdiction and to allow amendment of the notice if necessary.

LAW

Notice of appeal from a criminal conviction must be in writing and must contain the necessary jurisdictional allegations. See TRAP 25.2(b); State v. Riewe, 13 S.W.3d 408,

---

[1] Reference to a provision of the Rules of Appellate Procedure hereafter will be by reference to "TRAP_."

410 (Tex.Crim.App. 2000). A notice of appeal which does not conform to jurisdictional requirements or contain jurisdictional assertions will not invoke the jurisdiction of the court of appeals. See id. at 411. A general notice of appeal does not invoke the appellate court's jurisdiction to consider allegations of jurisdictional defects in the trial court proceedings if the conviction is based on a defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). Nor does a general notice of appeal in such a case invoke appellate jurisdiction to challenge voluntariness of the plea unless the trial court grants permission to appeal and the notice of appeal so states. See Cooper v. State, 45 S.W.3d 77, 81 (Tex.Crim.App. 2001).

ANALYSIS AND CONCLUSION

Appeal by a defendant from conviction for a crime is not difficult, in general. Appeal is perfected and the appellate court's jurisdiction is invoked by timely filing with the trial court clerk a written notice that shows the party's desire to appeal from the judgment. See TRAP 25.2(b)(1), (2). The exception to such simple manner of appeal is if appeal is from a judgment rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Under such circumstances the manner in which appeal is perfected and appellate jurisdiction is invoked is not complex, but the manner of perfecting appeal is explicitly excepted from the general procedure of simply filing a written notice of desire to appeal. TRAP 25.2(b)(3) mandates

4

that the notice of appeal from such a plea-bargained conviction must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. See TRAP 25.2(b)(3); White, 61 S.W.3d at 428; Young v. State, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000).

Appellant's preprinted general notice of appeal does not comply with requirements to invoke our jurisdiction over his conviction which was based on an honored plea bargain. See White, 61 S.W.3d at 428. Nor does his somewhat expansive handwritten notice of appeal comply with the requirements of TRAP 25.2(b)(3) so as to invoke appellate jurisdiction. The handwritten notice sets out appellant's desire to appeal from his conviction because (1) he had three separate counsel, none of whom properly defended him, and (2) he has grounds for the appeal ranging from appealable motions and including effective assistance of counsel. Clearly, the notice does not specify an alleged jurisdictional defect in the trial court, specify that any appealable motion was a written motion ruled on before trial or state that the trial court granted permission to appeal. See TRAP 25.2(b)(3).

Appellant's positions, at bottom, ask us to disregard the plain language of TRAP 25.2(b)(3)(C) which mandates what his notice of appeal must state. The Court of Criminal Appeals has instructed that language of TRAP 25.2(b)(3) is clear and specific, and should be interpreted according to its plain meaning. See White, 61 S.W.3d at 428-29. Because appellant's notices of appeal do not include statements required by TRAP 25.2(b)(3) to invoke our jurisdiction and the forms of the notices are defective and do not comply with

5

the jurisdictional requirements of TRAP 25.2(b)(3), our jurisdiction is not invoked and we do not have jurisdiction to inquire further into the matter, even to examine the record for an implied grant of permission to appeal or to see if information required to be specified in the notice is contained elsewhere in the record. We have jurisdiction only to dismiss the appeal. See id. at 428; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

Moreover, appellant's third argument has been directly addressed by the Court of Criminal Appeals. Voluntariness of a plea may not be asserted on appeal in a case falling within the ambit of TRAP 25.2(b)(3) unless the notice of appeal states that the trial court gave permission to appeal. See Cooper, 45 S.W.3d at 81. As noted above, appellant's notice does not so state, and TRAP 25.2(d) does not permit an appellate court to grant a motion to amend the notice of appeal if the amendment sought to be made is jurisdictional. See Riewe, 13 S.W.3d at 413-14. If the original notice of appeal fails to invoke jurisdiction of the appellate court, then an out-of-time amendment cannot serve to invoke jurisdiction. Once its jurisdiction is lost, an appellate court lacks the power to invoke any rule to thereafter obtain jurisdiction. Id. at 413.

The appeal is dismissed for want of jurisdiction.


Phil Johnson
Justice


Do not publish.


6